### John H. Young v. A. D. Jordan.

1. SPECIFIC PERFORMANCE—*Tender, When Unnecessary.*—It is not necessary to make a tender of performance on a day fixed where the opposite party abandons the contract or refuses to perform it on his part before such date.

**Bill to Enjoin a Suit at Law, and for Specific Performance.**—Trial in the Circuit Court of McLean County; the Hon. COLOSTIN D. MYERS, Judge, presiding. Decree for complainants. Error by defendant. Heard in this court at the November term, 1898. Affirmed. Opinion filed February 7, 1899.

R. R. WALLACE and S. P. ROBINSON, attorneys for plaintiff in error.

An agreement to convey by a good and sufficient warranty deed calls for a title free from incumbrances. McCord v. Massey, 155 Ill. 125; Thompson v. Shoemaker, 68 Ill. 256; Morgan v. Smith, 11 Ill. 194; Brown v. Cannon, 5 Gilm. 174.

All that appellant was required to do, was to be ready and willing to perform on his part if appellee was on his. Clark v. Weis, 87 Ill. 438; Mathison v. Wilson, 87 Ill. 51; Hough v. Rawson, 17 Ill. 591; Smith v. Lamb, 26 Ill. 398.

JOHN E. POLLOCK, attorney for defendant in error.

It was not necessary for Jordan to make a tender of performance on the 1st of March, because Young had wholly abandoned the contract and refused to perform before that date. Dulin et al. v. Prince, 124 Ill. 80; Towner v. Tickner, 112 Ill. 217; Mathison v. Wilson, 87 Ill. 51; Lyman v. Gedney, 114 Ill. 390.

A contract which may be specifically enforced, if by reason of events occurring subsequent to the filing of the bill a specific performance can not be decreed, equity, having jurisdiction, will proceed and award such damages for nonperformance as might, under other circumstances, be recoverable at law. Greer v. Sellers, 64 Ill. App. 505, and cases cited.

MR. JUSTICE WRIGHT delivered the opinion of the court.

Defendant in error filed his bill in equity against plaintiff in error to enjoin a suit at law and to reform a contract of sale to plaintiff in error of certain real estate and to enforce its specific performance. Plaintiff in error answered the bill and filed cross-bill to cancel the contract, and for decree for $1,000 paid to defendant in error under such contract, and $1,000 damages for breach thereof. The cause was referred to the master who took the evidence and reported his conclusions of law and fact, and the court having overruled exceptions, approved the report of the master and entered a decree in accordance with the findings, by which the suit at law was perpetually enjoined, specific performance of the contract denied and the cross-bill dismissed 'for want of equity, to reverse which appellant prosecutes this writ of error.

It appears from the evidence that defendant in error, by written contract, sold to the plaintiff in error, June 18, 1895,

160 acres of land in Livingston county for $11,000, to be paid $1,000 in cash, $4,500 March 1, 1896, and $5,500 in five years from March 1, 1896, with six per cent interest, payable annually. Appellee was to convey by warranty deed, and show perfect title by abstract on or before March 1, 1896, and give possession on the latter date. The $1,000 was paid at the time the contract was made. There was nothing said in the contract concerning the manner in which the payment of the $5,500, due March 1, 1891, was to be secured, and it is contended by the original bill, and denied by the answer, that it was the agreement of the parties at the time of the contract that a mortgage was to be given for the $5,500, this stipulation having been by inadvertence omitted from the written contract. Soon after the contract was made plaintiff in error became dissatisfied with his purchase, informed the defendant in error he would not take the land and purchased land elsewhere, and the latter, acting upon such information, leased the land to a tenant for a year, beginning March 1, 1896, and also February 29, 1896, mortgaged it for $5,500, after which, and on the same day, plaintiff in error tendered defendant in error the cash payment due March 1, 1896, and demanded deed of the premises according to the contract, which latter was offered, subject to the mortgage which had been made, and for which reason plaintiff in error declined to accept it, and also declined to make such mortgage himself, although that alternative was offered to him, with the proposition that such previous mortgage, given by defendant in error, would be released. From the whole evidence we think it fairly appears it was the understanding at the time of the contract that plaintiff in error was to give a mortgage upon the premises to secure deferred payments. His refusal to accept deed was upon the sole ground no mortgage was to be given, and that his note alone was to be accepted. No special objection was made that defendant in error had already made such mortgage, but the objection was general to any mortgage. After this plaintiff in error brought a suit at law against defendant in error upon the written contract to

recover the $1,000 paid thereon, and also for $1,000, the penalty provided in such contract for a failure by either party to comply with its terms. A preliminary injunction was granted against such suit, and the decree herein made the same perpetual.

We think the findings of the master and the decree of the court are sustained by the evidence. The letters written by plaintiff in error to defendant in error were sufficient to induce in the mind of a reasonable man the conclusion that it was not the purpose of the former to complete his purchase of the premises, and it was but natural the latter, acting upon such conclusion, so reasonably induced, would wish to protect himself, as far as possible, against consequent loss, and therefore leased the land for the following year, and to provide for the $5,500 he owed to Amsler, of whom he had purchased, executed the mortgage. It is the fair conclusion from the evidence that soon after the contract, plaintiff in error concluded not to complete the purchase of the premises, and it is also apparent from his acts and the circumstances attending the tender of the $4,500 to defendant in error, and the demand for the deed, and its refusal when offered, that by such means the consummation of the contract was neither desired nor expected. When, at this time, the proposition was made to let him in possession, notwithstanding the tenancy of another person, and to release the mortgage already put upon the land by defendant in error, it was declined for the assigned reason he was not then prepared to comply, it was manifest he was not actuated by a real desire to comply. If the plaintiff in error was in earnest he should at all times have been ready and willing to comply with the terms of his contract; but we are impelled to the conclusion it was not his purpose or intention to do so.

Finding no error in the decree of the Circuit Court, it is affirmed.